# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAI BROWN,

    Plaintiff,

vs.                             Case No. 4:17cv118-RH/CAS

WARDEN BARFIELD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case in March 2017, ECF Nos. 1-3, and was granted in forma pauperis status on April 13, 2017. ECF No. 8. Plaintiff's assessed initial partial filing fee of $32.00 was paid on June 22, 2017. ECF No. 12. Accordingly, it is appropriate to now review the merits of this case as required by 28 U.S.C. § 1915A.

Plaintiff filed an amended complaint on April 10, 2017. ECF No. 6. As an amended complaint completely replaces the original complaint, ECF No. 1, only the amended complaint, ECF No. 2, has been reviewed.

Plaintiff's complaint alleges that while incarcerated at Apalachee Correctional Institution, he requested placement in vocational training.

ECF No. 6 at 7. Plaintiff alleges that he was first informed that he was placed on a waiting list, but several months later, he was denied placement because no vocational class was offered at his institution. *Id.* He contends that Defendants have been deliberately indifferent, violated the Universal Declaration of Human Rights, and he seeks compensatory and punitive damages as well as injunctive relief. *Id.* at 8.

"Section 1983 provides a cause of action based on 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" 42 U.S.C. § 1983 (quoted in Moore v. McLaughlin, 569 F. App'x 656, 660 (11th Cir. 2014)). "The rights secured by the [Universal Declaration of Human Rights] are not federal rights." Moore, 569 F. App'x at 660 (quoting Sosa v. Alvarez–Machain, 542 U.S. 692, 734, 124 S.Ct. 2739, 2767, 159 L.Ed.2d 718 (2004) ("[The UDHR] does not of its own force impose obligations as a matter of international law."). Thus, Plaintiff's claim based on the Universal Declaration of Human Rights is not a claim that can be brought pursuant to 42 U.S.C. § 1983. 569 F. App'x at 660.

Plaintiff has not otherwise alleged the violation of a federal constitutional right. A § 1983 case may be brought to challenge the

conditions of confinement which violate the Constitution. However, Plaintiff has not identified any specific constitutional right that has been violated.

The Eighth Amendment of the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1288-89 (11th Cir. 2004). A condition of confinement may violate the Eighth Amendment if it involves "the wanton and unnecessary infliction of pain." <u>Chandler</u>, 379 F.3d at 1289 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). Yet "the Constitution does not mandate comfortable prisons" and conditions which are restrictive or harsh "are part of the penalty that criminal offenders pay for their offenses against society." 379 F.3d at 1289 (quoting <u>Rhodes</u>, 452 U.S. at 347-49, 101 S.Ct. at 2399-2400). An Eighth Amendment violation requires two showings: (1) a "prisoner must prove that the condition he complains of is sufficiently serious" and (2) that "prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." <u>Chandler</u>, 379 F.3d at 1289 (11th Cir. 2004) (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)). Plaintiff's allegations that he has not been placed in a vocational training program

because such a program is not available at his current institution does not rise to the level of a constitutional violation. This case should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.