# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAI BROWN,

    Plaintiff,

vs.                       Case No. 4:17cv118-RH/CAS

WARDEN BARFIELD, et al.,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

After review of the pro se Plaintiff's amended complaint, ECF No. 6, a Report and Recommendation was entered on June 28, 2017, recommending that this case be dismissed because the amended complaint failed to state a claim upon which relief could be granted. ECF No. 13. The Report and Recommendation was adopted, ECF No. 15, over Plaintiff's objection, ECF No. 14, and judgment entered on July 12, 2017. ECF No. 16.

Plaintiff has now filed a "motion to alter" the judgment entered in this case. ECF No. 17. Plaintiff asserts that he can now cure the deficiencies of his amended complaint and he seeks relief under Rule 59(e). *Id.*

Rule 59(e) permits filing a motion to alter or amend a judgment. However, Plaintiff does not provide any reason that judgment should be altered. Moreover, although Plaintiff asserts that he has cured the deficiencies of his complaint, he did not assert any facts which support an Eighth Amendment claim. A claim that a defendant was negligent is insufficient as a matter of law. Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Because Plaintiff has not provided a factual basis which warrants granting his motion, it should be denied.

In addition, Plaintiff provides no basis for granting him relief under Rule 60(b)'s six subsections either.[1] Therefore, the motion should be denied.

---

[1] The six provisions are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Case No. 4:17cv118-RH/CAS

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion to alter, ECF No. 17, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2017.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**